IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PIOQUINTO PENALOZA-BANOS,       )
                                )
                    Petitioner, )
                                )    1:12CV611
         v.                     )    1:06CR434-2
                                )
UNITED STATES OF AMERICA,       )
                                )
                    Respondent. )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Motion [Doc. #100] for reconsideration pursuant to Fed. R. Civ. P. 60(b)(4) and (6). In the Motion, Petitioner seeks reconsideration of the decision denying a prior Motion under 28 U.S.C. § 2255 [1:08CV534]. He bases the request for reconsideration on recent Supreme Court case law. Rule 60(b)(4) allows reconsideration where the judgment in question is "void." That term has been interpreted to mean only certain situations where subject matter jurisdiction was absent. United States v. Hartwell, 448 F.3d 707, 722 (4th Cir. 2006). There is no question that this Court had jurisdiction over Petitioner's § 2255 Motion, which means that Rule 60(b)(4) does not apply. Also, although Rule 60(b)(6) is a "catchall" provision, it does not allow for reconsideration based on subsequent changes in law. Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). This means that Petitioner's Motion is not proper under Rule 60. Instead, a claim attacking his conviction or sentence based on recent case law would need to be brought under 28 U.S.C. § 2255. For that reason, the Motion for reconsideration therefore must be construed as a Motion to vacate sentence under 28 U.S.C. § 2255. See Gonzalez

v. Crosby, 545 U.S. 524 (2005); United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). However, Petitioner has already challenged this conviction in a previous § 2255 action. Therefore, the present pleading should be dismissed for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive § 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. See Winestock, 340 F.3d at 203-08.

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 actions in this Court and Motions for Authorization in the Court of Appeals, and four copies of § 2255 forms (more copies will be sent on request). Petitioner should keep the original and two copies of the completed § 2255 forms which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS RECOMMENDED that Petitioner's "Rule 60(b)" Motion [Doc. #100] be denied to the extent that it does seek to raise a claim under Rule 60(b) and that it otherwise be construed as an attempt by Petitioner to file a second or successive § 2255 action.

IT IS FURTHER RECOMMENDED that this action be dismissed due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d).

This, the 20th day of November, 2012.

    /s/ Joi Elizabeth Peake
    United States Magistrate Judge